United States District Court
Southern District of Texas
**ENTERED**
February 20, 2026
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MP2 ENERGY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-24-2347 |
| | § | |
| DOWNUNDER GEOSOLUTIONS | § | |
| (AMERICA) LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER FOR ATTORNEYS' FEES AND COSTS OF COURT

Pending before the Court is Plaintiff MP2 Energy LLC's Motion for Attorneys' Fees, Court Costs, and Other Expenses (Document No. 105). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted in part for the reasons set out below.

## I. BACKGROUND

This case arises from a contractual dispute stemming from complications brought on by Winter Storm Uri in February of 2021. On October 6, 2025, the parties proceeded to trial. On October 16, 2025, a jury returned a unanimous verdict in Plaintiff MP2 Energy, LLC's ("MP2") favor, finding Defendant DownUnder Geosolutions (America) LLC ("DUG") liable to MP2 for breach of the Services

Agreement between the parties.[1] The jury also returned a verdict in favor of MP2

with regard to DUG's counterclaim, finding MP2 was not liable to DUG for breach

of the parties' Sales Agreement.[2] The jury awarded MP2 $270,477.32 in damages.[3]

MP2 now moves for attorneys' fees and other items to be awarded by this Court.

## II. LAW & ANALYSIS

MP2 moves the Court for an award of attorneys' fees in the amount of

$1,846,909.00, an award of attorney's fees in the amount of $15,000.00 for preparing

the pending motion, and court costs and expenses in the amount of $28,517.02,

amounting to a total request of $1,890,426.02. The Court will consider the requested

attorneys' fees and court costs, in turn.

*A.    Attorneys' Fees*

MP2 seeks attorneys' fees pursuant to Chapter 38 of the Texas Civil Practice

& Remedies Code, and Federal Rule of Civil Procedure 54(d), which permits the

Court to enter a post-judgment award of attorneys' fees and costs. *See* FED. R. CIV.

P. 54(d)(2). "In diversity cases[,] state law governs the award of attorney's

fees." *Transverse, L.L.C. v. Iowa Wireless Servs., L.L.C.*, 992 F.3d 336, 344 (5th Cir.

---

[1] *See Jury Verdict*, Document No. 104 at 7–8.

[2] *See Jury Verdict*, Document No. 104 at 10.

[3] *See Jury Verdict*, Document No. 104 at 9.

2

2021) (quotation marks omitted). Under Texas Law, the party seeking fees has the burden of showing entitlement to them. *See Kinsel v. Lindsey,* 526 S.W.3d 411, 427 (Tex. 2017).

In the Fifth Circuit, the "lodestar" method is used to determine statutorily authorized attorney fees. *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996). Under the lodestar method, the Court determines the reasonable hourly rate for the movant's attorney and the reasonable number of hours expended on the litigation by the movant's attorney. *Id.* The lodestar is calculated by multiplying the reasonable hourly rate by the reasonable number of hours. *Id.* Once the lodestar is initially determined, the Court may adjust the lodestar up or down to make the award of attorney fees reasonable. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The movant bears the burden of establishing the rate charged and reasonableness of the hours expended. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). Once the lodestar analysis is complete, the Court may increase or decrease the award based on the factors provided in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) (per curiam).[4]

---

[4] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the

3

Here, MP2 contends that it has accrued $1,846,909.00 in attorney fees. More specifically, MP2 seeks $1,396,174.00 for the attorneys' fees incurred in prosecuting its claim for breach of contract, and $450,735.00 in fees for successfully defending against DUG's counterclaim. In support of its request, MP2 produces detailed billing records, including descriptions of the tasks performed throughout the litigation. MP2 also produced a declaration of senior equity partner on the case, Michael J. Mazzone ("Mazzone"), in support of its fee request (the "Mazzone Declaration").[5] The Mazzone Declaration indicates MP2's legal team from Haynes & Boone LLP billed 2,049.10 hours over a period spanning from May 2024 through October 16, 2025.[6]

Mazzone declared that his hourly rate in this matter ranged from $1,225.00 to $1,475.00 throughout the course of litigation.[7] Additionally, Mazzone declared that Haynes & Boone appellate partner, Natasha Breaux, worked on the matter at a rate ranging between $1,125.00 to $1,250.00.[8] Mazzone also declared several Haynes &

---

experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717–19.

[5] *See Plaintiff MP2 Energy LLC's Motion for Attorneys' Fees, Court Costs, and Other* Expenses, Document No. 105, Exhibit 2 at 1–17 (*Declaration of Michael J. Mazzone*) [hereinafter *Declaration of Michael J. Mazzone*].

[6] *See Declaration of Michael J. Mazzone, supra* note 5 at 5.

[7] *See Declaration of Michael J. Mazzone, supra* note 5, Exhibit B at 81 (*Haynes & Boone Billing Records)* [hereinafter *Haynes & Boone Billing Records*].

[8] *See Haynes & Boone Billing Records, supra* note 7, at 81.

4

Boone associates worked on the matter at a rate ranging between $550.00 and $1,150.00.[9] Mazzone also contends that two Haynes & Boone paralegals worked on the matter at a rate ranging between $550.00 and $650.00.[10]

MP2 contends that the aforementioned attorneys' fees were reasonable and necessary to obtain a verdict in MP2's favor over the course of nearly twenty-four months of litigation. MP2 notes for the Court the services Haynes & Boone rendered, including, but not limited to: (1) investigating the underlying facts of this case; (2) preparing disclosures and other discovery responses; (3) preparing two summary judgment motions and related replies; (4) selecting and preparing expert witnesses; and (5) preparing for and attending a two-week trial. MP2's request is supported by voluminous billing records totaling over 100 pages, detailing the tasks completed by the team, and the hours worked by each member. MP2 further contends that the rates charged are within the range of what is commonly charged for practicing in federal district court on commercial litigation matters and based on the experience and qualifications of the attorneys involved. To support this argument, MP2 cites several surveys of the Houston legal market that identify the prevailing billable hourly rate for law firms with large litigation practices in Houston comparable to Haynes &

---

[9] *See Haynes & Boone Billing Records*, *supra* note 7, at 81.

[10] *See Haynes & Boone Billing Records*, *supra* note 7, at 82.

5

Boone, noting for the Court that their billable rates are in line with firms of similar size, caliber, and reputation.[11]

In response, DUG first contends that MP2's requested fee award is excessive in relation to the amount of damages awarded by the jury. DUG further contends that the requested award of almost $1,900,000.00 in attorneys' fees is unreasonable when compared to the approximately $270,000.00 in damages awarded by the jury. Second, DUG contends that the rates charged by MP2's counsel were excessive when compared to the rates charged by DUG's counsel, noting instances where MP2's attorney's charged hourly rates double that of DUG's counsel. Third, DUG contends that MP2 failed to account for inefficiencies of younger attorneys staffed on the matter, noting one junior associate who billed over 750 hours over the course of nearly two years of litigation.

DUG also contends that MP2's requested paralegal fees should be rejected to the extent that the paralegals performed administrative tasks. DUG cites for the Court a total of $66,030.00 in tasks DUG contends are clerical in nature.[12] In response, MP2 offers a supplemental declaration of Mr. Mazzone averring to the qualifications of the two paralegals staffed in this case, which notes a depth of

---

[11] *See Declaration of Michael J. Mazzone, supra* note 5 at 13–14.

[12] *See Defendant's Response to MP2 Energy LLC's Motion for Attorneys' Fees, Court Costs, and Other Expenses*, Document No. 108 at 19–26.

6

experience.[13] The Court has reviewed the billing entries associated with Haynes & Boone's paralegals, and notes numerous substantive tasks performed, including trial preparation, correspondence with opposing counsel and court staff, and filing documents with the Court. Having considered the foregoing, the Court finds that MP2's requested paralegal fees are properly recoverable and should be reflected in the Court's final award of attorneys' fees. The Court will now consider MP2's attorney's hourly rates and the numbers of hours those attorneys expended in turn.

### 1. Hourly Rate

Under the lodestar method, the Court retains discretion to determine the reasonable hourly rate, which is the rate prevailing in the community for similar services by lawyers of reasonably comparable skill. A review of the record in this case reveals MP2's attorneys successfully prosecuted a claim for breach of contract against DUG, while simultaneously successfully defending against a counterclaim brought by DUG against MP2. The Court also notes the plethora of data found within Mazzone's declaration identifying the customary fees for attorneys practicing at large law firms in Houston, specifically those peer law firms to Haynes & Boone.[14] The Court further notes the inherent technical complexity of this case, having

---

[13] See MP2 Energy LLC's Reply in Support of Its Motion for Attorneys' Fees, Court Costs, and Other Expenses, Document No. 109, Exhibit B (Supplemental Declaration of Michael J. Mazzone).

[14] See Declaration of Michael J. Mazzone, supra note 5.

considered the nuances of the electric power industry and the parties' contractual obligations with respect to the power grid. MP2 also notes for the Court the longstanding recognition by Texas courts that parties "should be able to have a choice in finally determining who represents them and the nature of the legal fees which will be charged." *Musslewhite v. State Bar of Tex.*, 786 S.W.2d 437, 443 (Tex. App.—Houston [14th Dist.] 1990, no pet.) Despite DUG's contentions that the hourly rate charged by attorneys employed by Haynes & Boone are unreasonable, the Court finds that Haynes & Boone's hourly rates are appropriate considering the complex nature of this litigation and the industry standard across equivalent firms practicing in the Houston market. The Court will therefore apply these rates to determine the appropriate amount of attorney fees. The Court now turns to the time expended.

### 2. *Time Expended*

The party seeking attorney fees must present adequately documented time records to the Court. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Using this time as a benchmark, the Court should exclude all time that is excessive, duplicative, or inadequately documented. *Id.* The hours surviving this vetting process are those reasonably expended in the litigation. *Id.* The Court examines both "whether the total number of hours claimed were reasonable and whether specific hours claimed

were reasonably expended." *LULAC v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997).

MP2 requests an award based on the 2,049.10 hours billed by Haynes & Boone. In response, DUG protests the number of hours billed across this case generally, but specifically identifies four categories of tasks that allegedly took an excessive amount of time, which include drafting: (1) the original petition; (2) the initial disclosures; (3) the First Amended Complaint; and (4) two motions for summary judgment.[15] MP2 notes for the Court that DUG fails to explain why the hours billed for those tasks were unreasonable, and cite Texas law holding that "[a]n affidavit filed by non-movant's counsel that simply criticizes the fees sought by the movant as unreasonable without setting forth the basis for his opinion, as here, is conclusory." *Iola Barker v. Hurst*, 632 S.W.3d 175, 192 (Tex. App. —Houston [1st Dist.] 2021, no pet.).

DUG's only other criticism of the time Haynes & Boone expended in this matter is with Haynes & Boone junior associate Ms. Dallas Jackson, who DUG implies was inefficient in her billing, evidenced by the 786 hours she billed in this case. In response, MP2 notes for the Court that DUG points to no evidence or specific time entries that demonstrate that Ms. Jackson was inefficient in her efforts.

---

[15] *See Defendant's Response to MP2 Energy LLC's Motion for Attorneys' Fees, Court Costs, and Other Expenses*, Document No. 108 at 29.

9

MP2 further notes for the Court Ms. Jackson's significant familiarity with and impact on the case, noting her efforts in: (1) conducting the entirety of MP2's document review and production; (2) drafting MP2's motions for summary judgment and replies thereto; and (3) drafting the Joint Pretrial Order including exhibit lists, *motions in limine*, and evidentiary objections.

Having considered the foregoing, pending motion, submissions, and applicable law, in detail, the Court finds that MP2's requested attorneys' fees calculation contains a reasonable hourly rate and a reasonable number of hours expended. Accordingly, the Court determines that the appropriate amount of attorneys' fees to be awarded to MP2 in this matter is $1,846,909.00.[16] The Court now turns to the award of court costs and expenses.

B.    *Court Costs and Expenses*

MP2 requests court costs and expenses of $28,517.02.[17] The Court "may only award those costs articulated in [28 U.S.C. §] 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The New*

---

[16] MP2 also seeks $15,000.00 in anticipated fees in connection with preparing the pending motion for attorneys' fees and reply thereto. *See Plaintiff MP2 Energy LLC's Motion for Attorneys' Fees, Court Costs, and Other Expenses*, Document No. 105 at 11. Considering the Court's award of $1,846,909.00 for legal work performed leading up to the final jury verdict in this case, and the lack of billing records filed in support of MP2's request for prospective and anticipated attorneys' fees, the Court declines to award the requested $15,000.00 in fees for the filing of the pending motion.

[17] *See Haynes & Boone Billing Records*, *supra* note 7 at 65.

10

*England PPO Plan of Gen. Consol. Mgmt., Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (quoting *Mota v. The Univ. of Tex. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001)); *see* 28 U.S.C. § 1920. A party seeking costs must attach an affidavit "made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. Recoverable fees include: "(1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees …; and (6) compensation of court appointed experts or interpreters, and salaries, fees, expenses, and costs of special interpretation services[.]" 28 U.S.C. § 1920. The Court may deny the award of certain costs if the supporting affidavit is too conclusory to allow the Court to make a reasonable determination as to necessity. *United States ex rel. King v. Solvay S.A.*, No. H-06-2662, 2016 WL 3523873, at *8 (S.D. Tex. June 6, 2016) (Miller, J.), *aff'd*, 871 F.3d 318 (5th Cir. 2017).

11

Here, MP2 provided the requested amount of court costs and expenses, confirming them in the Mazzone Declaration.[18] MP2 contends that all the requested costs are reasonable and necessary to progress the litigation in this case. In response, DUG contends that $20,280.33 of the requested $28,517.02 in costs are not recoverable under 28 U.S.C. § 1920 because these costs include costs for technical services not permitted under federal law. A review of MP2's requested expenses reveal a number of items not ordinarily recoverable under 28 U.S.C. § 1920 including: (1) parking and rideshare services for hearings and trial; (2) daily meals during trial and depositions; (3) charges for legal search databases Westlaw and Lexis Nexis; and (4) charges for legal software including PACER and Xera.[19] Having considered the full list of expenses requested by MP2, the Court determines that $20,280.33 of the requested $28,517.02 in costs are not recoverable under §1920, and, as such, should not be awarded in this matter. However, the Court finds that MP2 is entitled to costs incurred during this case that are recoverable under §1920 and therefore awards $8,236.69 in court costs and expenses.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

---

[18] *See Declaration of Michael J. Mazzone, supra* note 5.

[19] *See Defendant's Response to MP2 Energy LLC's Motion for Attorneys' Fees, Court Costs, and Other Expenses*, Document No. 108 at 13–15.

12

**ORDERS** that Plaintiff MP2 Energy, LLC's Motion for Attorneys' Fees, Court Costs, and Other Expenses (Document No. 105) is **GRANTED IN PART**. The Court further

**ORDERS** that Plaintiff MP2 Energy, LLC is **AWARDED** attorneys' fees in the amount of $1,846,909.00. The Court further

**ORDERS** that Plaintiff MP2 Energy, LLC is **AWARDED** court costs and expenses in the amount of $8,236.69.

SIGNED at Houston, Texas, on this **20** day of February, 2026.

DAVID HITTNER
United States District Judge

13